**E-FILED on** ___5/29/07___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RODNEY JESSEN,<br><br>        Plaintiff,<br><br>    v.<br><br>FULLER-LOGAN INSURANCE AGENCY, ALLSTATE INSURANCE COMPANY, et al.<br><br>        Defendants. | No. C-07-00844 RMW<br><br>*CORRECTED* ORDER DENYING DEFENDANTS' MOTION TO DISMISS<br><br>**[Re Docket No. 9]** |

*The following corrected order corrects the dates by which the parties are to file supplemental briefing ordered by the court.*

    Plaintiff Rodney Jessen's complaint, originally filed in the Superior Court of the State of California, County of Santa Clara and removed to this court by defendants, sets forth three causes of action: negligence against Fuller-Logan Insurance Agency ("Fuller-Logan"), and breach of contract and breach of the implied covenant of good faith and fair dealing against Allstate Insurance Company ("Allstate"). Fuller-Logan moves for dismissal from the action for failure to state a claim, or in the alternative, for summary judgment.

## I. BACKGROUND

Plaintiff Rodney Jessen alleges that Larry and Linda Jessen bought an automobile liability insurance policy issued by Allstate from Fuller-Logan at least as early as July 24, 2001. Compl. ¶ 5. The Allstate policy, number 0 14 751487 01/24, included uninsured/underinsured motorist coverage with policy limits of $15,000 per person and $30,000 per accident. Plaintiff, a relative of Larry and Linda Jessen and a resident of their household, was an insured under the policy.

On April 7, 2004, plaintiff was involved in an automobile accident with an underinsured driver, suffering injuries and damages in excess of $200,000. Compl. ¶ 10. Plaintiff alleges that prior to April 7, 2007, Linda Jessen contacted Fuller-Logan to request an increase the policy limits to $100,000 per individual and $300,000 per accident in response to an advertisement sent to her by Allstate. Compl. ¶¶ 8-9.

Following the accident, plaintiff agreed to accept the $25,000 policy limit as a settlement to his claims and presented an underinsured motorist claim to Allstate. Compl. ¶ 11. Although allegedly acknowledging Linda Jessen's request for an increase in the limits in the Allstate policy, Allstate denied the claim because the increase did not go into effect until April 20, 2004, approximately two weeks after the accident. Compl. ¶ 12.

Plaintiff alleges that any failure to timely process Linda Jessen's request to increase the policy limits was the result of negligence of the part of Fuller-Logan. Compl. ¶ 13. Had the increase been acted upon in a timely manner, the $100,000 policy limit rather than the $15,000 policy limit would have been in effect, resulting in a $75,000 additional recovery under the Allstate policy. Compl. ¶ 14.

## II. ANALYSIS

Fuller-Logan moves for dismissal from the action for failure to state a claim, or in the alternative, for summary judgment on two grounds: (1) that Fuller-Logan cannot be liable to plaintiff because it is an exclusive agent of Allstate and (2) that plaintiff incorrectly sued Fuller-Logan when it should have sued its predecessor, Fuller-Allen. The court shall treat Fuller-Logan's motion on the question of agent liability as a motion to dismiss and shall treat as a motion for summary judgment the question of whether plaintiff correctly sued Fuller-Logan rather than another entity, Fuller-Allen.

### A.     Agent Liability

#### 1.     Motion to Dismiss

Defendants rely upon *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) in support of their position that Fuller-Logan (or its predecessor, Fuller-Allen) cannot be liable under the circumstances presented. It is generally true in California that an agent, when acting in the name of a disclosed principal, is not personally liable for negligence committed within the scope of his or her employment. *See Lippert v. Bailey*, 241 Cal. App. 2d 376, 382 (1966). However, California courts have recognized two exceptions to the general *Lippert* rule: (1) the dual agency exception, and (2) the "special duty" exception. *See Macey v. Allstate Property and Casualty Insurance Co.*, 220 F. Supp. 2d 1116, 1120 (N.D. Cal. 2002) (Brazil, J.).

In *Mercado*, the Ninth Circuit determined that the defendant, an employee of Allstate, could not be liable because there was no dual agency relationship. An employee acts as a "dual agent" by assuming special duties for the benefit of the insured beyond those required by her principal. *See Jones v. Grewe*, 189 Cal. App. 3d 950, 954-55 (1987). The principals of Fuller-Logan, Bennett Fuller and Erin Logan, have submitted declarations that Fuller-Logan was an exclusive agent of Allstate, and that they were "prohibited from directly or indirectly soliciting, selling or servicing . . . insurance of any kind for any other insurance company, agent or broker, without the prior written approval of Allstate." Decl. of Bennett Fuller ¶ 4, Decl. Erin Logan ¶ 5.

Here, however, plaintiffs have alleged that Fuller-Logan has assumed special duties. The complaint alleges that Fuller-Logan assumed the duty of procuring an increase in policy limits at Linda Jessen's request. Plaintiffs were allegedly damaged by Fuller-Logan's failure to timely procure such increase. Under California law, "[a]n insurance agent has an obligation to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured." *Butcher v. Truck Ins. Exchange*, 77 Cal. App. 4th 1442, 1461 (2000) (internal quotation omitted). Thus, "an agent's failure to deliver the agreed-upon coverage may constitute actionable negligence and the proximate cause of an injury." *Id.* at 1464 (holding insurer and agent may be held liable for negligent misrepresentation, where insurer's agent misled insureds into believing policy provided coverage for malicious prosecution); *see also Greenfield v. Insurance Inc.*, 19 Cal. App. 3d 803, 810 (1971) ("There was a duty

on the part of Insurance to exercise reasonable care in seeking coverage as requested by Greenfield. . . ."). Therefore, plaintiff has adequately alleged that Fuller-Logan had a duty to timely procure the requested increase in coverage.

Although Fuller-Logan asks for summary judgment in the alternative, the court does not believe it is appropriate to convert the motion to dismiss to a summary judgment motion on the record before it. The court shall continue the motion for summary judgment to allow additional discovery on whether a special duty arose between Fuller-Logan and plaintiff.

### 2. Motion for Summary Judgment

Fuller-Logan also asserts that it did not exist as a corporate entity at the time of the alleged failure to timely secure the policy limit increase in July 2004, having only been incorporated in 2005. It has submitted declarations stating that a separate entity, Fuller-Allen, sold the policy to the Jessens and would have been responsible for the Jessen account in 2004. Plaintiff submitted no evidence to rebut this evidence or to demonstrate that Fuller-Logan is otherwise liable to plaintiff, nor did plaintiff seek a continuance under Federal Rule of Civil Procedure 56(f).

Although technically plaintiff should have sought a Rule 56(f) continuance, the court finds it would be too harsh to grant summary judgment given the early stage of this case. Therefore, the court shall likewise continue Fuller-Logan's motion for summary judgment that it was improperly sued as the wrong entity to permit plaintiff to take additional discovery on the issue.

### B. Fraudulent Joinder

Although plaintiff has not sought remand to state court, Fuller-Logan contends that it has been fraudulently joined to defeat diversity jurisdiction. "'Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.'" *Mercado*, 340 F.3d at 826 (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Because the court has continued Fuller-Logan's motion for summary judgment, it does not make a determination as to fraudulent joinder at this time.

### III.  ORDER

For the foregoing reasons, the court denies defendants' motion to dismiss Fuller-Logan and continues its motion for summary judgment that it is not liable to plaintiff as an exclusive agent of Allstate and on the question of whether it is the appropriate agency.  The parties shall proceed as follows:

1. Plaintiff shall file a supplemental opposition to defendant's summary judgment motion on or before July 6, 2007.
2. Defendant shall file a supplemental reply on or before July 13, 2007.  The motions shall be deemed submitted on the papers without a hearing unless otherwise requested by the court.

DATED:     5/21/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiff:**

3  James Michael Barrett   jb@jamesbarrettlaw.com

4  **Counsel for Defendants:**

5  Leslie Holmes     lholmes@hoganlaw.com
 Mark Vincent Boennighausen mvb@hoganlaw.com

6

7  Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

8

9

10

11  **Dated:**  5/29/07        /s/ MAG
                **Chambers of Judge Whyte**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CORRECTED ORDER DENYING DEFENDANTS' MOTION TO DISMISS—No. C-07-00844 RMW
MAG              6